IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Francisco Rodriguez-Ramos,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>Texas Department of Family and Protective Services, et al.,<br><br>　　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:23-cv-00384-DBP<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court is Plaintiff's Motion for Appointment of Counsel. (ECF No. 6.) For the reasons set forth herein the court denies the motion. In addition, the court orders Plaintiff to file an Amended Complaint.

On June 13, 2023, the court granted Plaintiff's motion to procced in forma pauperis. (ECF No. 4.) Plaintiff seeks to bring claims under 42 U.S.C. § 1983 and for defamation. Plaintiff alleges a violation of his constitutional rights due to the "color of my skin" and violation of the ADA. (ECF No. 2 p. 3.) Plaintiff further asserts a violation of his 14th Amendment due process rights. Other than these brief assertions and requesting "pain and suffering and have not seeing my son in 5y" the Complaint is void of any additional information or factual background. Plaintiff includes what appears to be an order from another court directing him to file a more definite statement of his claims in that case. The court, however, is left to guess exactly as to what this order has to do with the current matter.

　　Because Plaintiff is acting pro se, the court construes his pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). As Plaintiff is proceeding under 28 U.S.C. §

1915, the court "shall dismiss the case at any time if the court determines" that the action "is frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e). A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The nature of Plaintiff's Complaint is unclear given its brief nature without facts or any background supporting Plaintiff's allegations. As such the court will order Plaintiff to amend the Complaint.

As this court has done in other cases, the court notes here that Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements help guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

A pro se litigant is not excused from meeting these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall*, 935 F.2d at 1110. Moreover, it is improper for the court "to assume the role of advocate for a pro se litigant." *Id.* Thus, this court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff is encouraged to consider these general principles before filing an amended complaint

Next, under § 1915(e) the court has discretion to request counsel for a plaintiff, but a civil plaintiff, such as Mr. Rodriguez-Ramos, has no statutory or constitutional right to the appointment of counsel. *See* 28 U.S.C. § 1915(e)(1). When deciding whether to request an attorney to represent an indigent party under § 1915(e)(1), courts evaluate the merits of the litigant's claims, "the nature and complexity of the factual and legal issues," and the litigant's ability to investigate the facts and present the claims. *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir.2004) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir.1995)). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir.1985).

To warrant appointment of counsel, Plaintiff must affirmatively show that he asserts meritorious claims. Yet, there is no attempt to demonstrate the merits of any claim in the motion for appointment. Rather, the motion only states "disabled and need a lawfiar [sic] for help." (ECF No. 6 p. 1.) Consequently, the court is left to consider Plaintiff's Complaint, but as noted above, that too is lacking in sufficient detail and thus cannot form any basis to appoint counsel. Plaintiff's motion for appointment of counsel therefore cannot be granted at this time.

## ORDER

Plaintiff's Motions for Appointment of Counsel are DENIED.

IT IS FURTHER ORDERED that Plaintiff is directed to file an Amended Complaint in accordance with Fed. R. Civ. P. 8 within forty-five (45) days from the date of this order.

IT IS SO ORDERED.

DATED this 16 June 2023.

_____
Dustin B. Pead
United States Magistrate Judge